UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD A. DOBEK
a.k.a. ALEXANDER M. ROVEGNO,

        Petitioner,

v.                                                       Case No. 16-cv-1255-pp

UNITED STATES OF AMERICA,

        Respondent.

**ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 34)**

On September 18, 2018, the court denied the petitioner's motion to vacate, set aside or correct sentence. Dkt. No. 32. A month later, on October 15, 2018, the petitioner filed a motion to reconsider, alter or amend the judgment. Dkt. No. 34. The court will deny the motion.

**I.    Background**

The petitioner's September 2016 motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 challenged his 2014 conviction on three counts related to exporting F-16 canopy seals to Venezuela. Dkt. No. 1; Dkt. No. 8 at 1. The court screened the petition and allowed the petitioner to proceed on his claim of ineffective assistance of appellate counsel. Dkt. No. 8 at 2. Post-screening, the petitioner filed various documents, including several requests for the court to expedite the disposition of the case. See Dkt. Nos. 16,

1

17, 19. He also notified the court that he had filed a petition for a writ of *mandamus* with the Seventh Circuit Court of Appeals. Dkt. No. 20.

### A. Order Dismissing §2255 Motion (Dkt. No. 32)

The court's order dismissing the petition was forty-eight pages long. Dkt. No. 32. It discussed the facts behind the petitioner's claims—the grand jury indicted him in December 2012, id. at 2; the case was scheduled for trial on October 21, 2013, id. at 3; the government asked for an adjournment at the eleventh hour, citing the impact of the government shut-down, id.; the court granted the motion and dismissed the case without prejudice, id. at 3-4. Just over a month later, on November 26, 2013, the grand jury returned a new indictment (based on the same facts), id. at 6; the defendant moved to dismiss the second indictment on statute-of-limitations grounds, id. at 7; the magistrate judge recommended that the district court deny the motion, id. at 7-9; the district court adopted that recommendation and denied the motion to dismiss the indictment, id. at 9; the petitioner was convicted after a jury trial, id.; and the Seventh Circuit affirmed the conviction, id. at 9-10.

The dismissal order then noted that the petitioner had buried his four arguments for relief at page fifty-one of his 116-page motion to vacate. Id. at 11. It reviewed each argument.

#### 1. *Collateral Estoppel*

The court recounted:

> It appears that the petitioner is saying that his appellate lawyer should have invoked the collateral estoppel doctrine to argue that Judge Stadtmueller's order dismissing 12-cr-253 constituted a final decision on the merits, and that the statute of limitations barred the

2

government from re-charging him with the December 29, 2007 conduct. This argument, the petitioner believes, would have convinced the Seventh Circuit to invalidate his conviction in 13-cr-231. And because the lawyer who represented him on appeal also represented him in both 12-cr-253 and 13-cr-231, the petitioner thinks that this issue should have been obvious to his lawyer. Dkt. No. 1 at 65-66. Finally, he argues that this "collateral estoppel" argument was stronger than any of the three claims his lawyer raised on appeal. Id. at 66-74.

Dkt. No. 32 at 18. The court's order reviewed each of the four components of collateral estoppel, considering whether the order was a (1) ruling that (2) finally resolved an (3) ultimate issue after (4) the party had a full and fair opportunity to present it to the judge. Id. at 18-19 (citing Loera v. United States, 714 F.3d 1025, 1028-29 (7th Cir. 2013)). The court explained why Judge Stadtmueller's order dismissing the case without prejudice did not meet any of those four requirements. Id. at 20-28.

### 2. Broadening and Amending

The court summarized the petitioner's "broadening and amending" claim this way:

> The petitioner argues that his appellate counsel should have argued that the 2013 indictment impermissibly "materially broadened and amended" the charges in the 2012 indictment, rendering the application of 18 U.S.C. §3288 (the statute that extended the statute of limitations) inapplicable. Id., Dkt. No. 2 at 67 (citing United States v. Italiano, 894 F.2d 1280, 1283 (11th Cir. 1990); United States v. Grady, 544 F.2d 598, 602 (2d Cir. 1976); United States v. Friedman, 649 F.2d 199, 204 (3d Cir. 1981)). The petitioner again argues that this issue should have been obvious to his appellate counsel, id. at 66, and says that it is a stronger argument that the three counsel did raise on appeal, id. at 68-73.

Id. at 28. The order continued:

> The petitioner, however, doesn't argue that the government changed, or broadened, the charge relating to the December 29,

3

2007 conduct. Instead, he argues that the government added a new count in the 13-cr-231 indictment that it had not charged in the 2012 indictment. Count One of the 2013 indictment charged the petitioner with conspiracy to commit an offense against the United States, "namely, to willfully export F-16 canopy seals" without a license, from July 2007 through January 2009. Case No. 13-cr-231 at Dkt. No. 1. The petitioner argues that the addition of this new count "broadened" or "substantially amended" the otherwise-time-barred charge, such that he was not placed on notice of the charge he'd have to defend.

Id. at 31. The court found no support for the petitioner's theory in his case citations or in the statute, 18 U.S.C. §3288. Id. at 32. Rather, the court determined that "[t]he fact that the government timely charged him with an additional count d[id] not impact whether the petitioner had sufficient notice" that he could be charged for the December 29, 2007 conduct. Id. The court emphasized that the petitioner was "aware, *before* Judge Stadtmueller dismissed the 2012 indictment, that the government planned to add the conspiracy charge." Id. (emphasis in original). It stated:

> The docket shows that the parties submitted their joint pretrial report to the court on October 10, 2013, id. at dkt. no. 21, meaning that the petitioner had notice regarding a possible conspiracy charge for five days before the court dismissed the 2012 case, and over a month before the grand jury returned the 2013 indictment. And, as the government noted in the 2013 case, the conspiracy charge "circumnavigated," or included, the two substantive charges. Id., Dkt. No. 24 at p. 13.

Id. at 32-33. The court found the petitioner's "broadening" argument meritless and concluded that petitioner's appellate counsel could not be deemed ineffective for failing to raise it. Id. at 33.

### 3. Judicial Estoppel

The petitioner's third argument concerned judicial estoppel; he asserted that Judge Stadtmueller's dismissal of the first case under Rule 48(b) should have barred the government from seeking the 2013 indictment. Id. at 33. The court engaged in a detailed analysis of why the petitioner's citation to United States v. DiStefano, 347 F.Supp. 442, 444-45 (S.D.N.Y. 1972), did not support the petitioner's argument. Id. at 33-37. The court explained that Judge Stadtmueller's dismissal was *without* prejudice—meaning that the defendant could be re-indicted. Id. at 37. The court explained that a Rule 48(b) dismissal did not qualify as an "other reason" that would bar indictment under 18 U.S.C. §3288. And the court explained that even liberally construing the petition, the court could not conclude that the government had taken "clearly inconsistent" positions in the 2012 and 2013 cases. Id. at 42.

### 4. Abuse of Discretion

Finally, the court summarized the petitioner's argument regarding abuse of discretion as follows:

> [T]he petitioner argues that Judges Callahan and Randa abused their discretion in denying the motion to dismiss the 2013 indictment, "by failing to properly observe the Seventh Circuit's standards controlling the review of section 3288 claims." Dkt. No. 2 at 87. He argues that they "failed to observe and conduct a review pursuant to the Grady-Friedman and Italiano standards long since accepted by the Seventh Circuit[,]" and that, in doing so, the judges misapplied and failed to recognize controlling precedent. Id. at 89. He also asserts that the district court ignored United States v. Daniels, 387 F.3d 636 (7th Cir. 2004), Ross, 77 F.3d 1525 (7th Cir. 1996), and United States v. Schimmel, 950 F.2d 432 (7th Cir. 1991), as well as something he refers to repeatedly as "Gillespie, 666 F. Supp. at 1141 (1987)." Id. at 90.

5

Id. The court's order reminded the petitioner that Grady, Friedman and Italiano did not bind this court—just as they did not bind Judge Callahan or Judge Randa. Id. The court rejected the petitioner's contention that Judge Callahan should have followed the decisions of other district courts in this circuit, writing that "district judges in this circuit must not treat decisions *by other district judges* . . . as controlling, unless of course the doctrine of res judicata or collateral estoppel applies." Id. at 43-44 (emphasis in original). The court reviewed each of the petitioner's citations to Seventh Circuit cases and explained why none of them stood for the propositions that the petitioner claimed. Id.

Given these findings, the court concluded that the petitioner's appellate counsel could not be deemed ineffective for failing to raise them. Id. at 45.

### B. Further Filings

Since filing his motion to reconsider on October 15, 2018, the court has received several letters, status reports and notices from the petitioner. Dkt Nos. 35-46. Each filing requested an expeditious ruling on the motion for reconsideration. One letter informed the court that under the First Step Act, he had received a sentence reduction and would be released on October 15, 2019. Dkt. No. 44. That day, the petitioner filed a notice of change of address, dkt. no. 46, and a courtesy copy of the writ of *mandamus* that he had filed with the Seventh Circuit Court of Appeals, dkt. no. 47.

## II. Analysis

### A. <u>Applicable Legal Standard</u>

The motion cites Fed. R. Civ. P. 54(b) and 59(e). Dkt. No. 34 at 1.

Rule 54(b) does not apply. That rule provides that in cases involving multiple claims for relief or multiple parties, the court may enter judgment on fewer that all the claims only if the court determines that there is no "just" reason to delay ruling on fewer than all the claims. In <u>Galvan v. Norberg</u>, 678 F.3d 581, 587 (7th Cir. 2012), the Seventh Circuit explained that rule 54(b) allows a court to review non-final orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." <u>See also</u>, <u>Everett v. Leading Edge Air Foils, LLC</u>, Case No. 14-C-1189, 2017 WL 2894135, at *3 (E.D. Wis. July 7, 2018). The court's order dismissing the petitioner was not a non-final order; it dismissed the case.

"Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these motions." <u>Washington Frontier League Baseball, LLC v. Zimmerman</u>, No. 14-cv-1862-TWP-DML, 2016 WL 4798988, at *1 (S.D. Ind. Sept. 14, 2016). Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." The court entered judgment on September 18, 2018 and received the motion to reconsider on October 15, 2018. The motion is timely, and the court will consider under the standard that applies to Rule 59(e) motions.

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citation omitted). The petitioner has not provided the court with any newly discovered evidence. Instead, he argues that the court committed manifest errors of law and fact in its order of dismissal. "[A] 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). A motion to reconsider that simply rehashes previous arguments gives a court no reason to change its mind and will not prevail. Bacha v. Gonzales, 136 Fed. Appx. 940 (7th Cir. 2005). Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion. Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004).

B.     Analysis

The petitioner first argues that the court failed to resolve his alternate claim for relief under United States v. Oppenheimer, 242 U.S. 85 (1916), asserting that the doctrine of *res judicata* barred the government from re-indicting him. Id. at 4-5. He says that until the court decides the *res judicata* issue, he may proceed under Rule 54(b). Id. Within this claim, the petitioner contends that Judge Stadtmueller's Rule 48(b) dismissal constituted a valid

8

and final judgment in his favor that barred any subsequent indictment. Id. at 5-6 (citing Colby v. J.C. Penny Co., 811 F.2d 1119, 1124 (7th Cir. 1987)). He reiterates his original contention that the government conceded that a dismissal without prejudice would bar re-indictment because of the statute of limitations. Id. at 6-7.

Second, the petitioner argues that the court committed manifest error by concluding that Judge Stadtmueller's dismissal was not "final" or "appealable." Id. He asserts that under United States v. Davis, 766 F.3d 722 (7th Cir. 2014) rev'd *en banc*, 793 F.3d 712 (7th Cir. 2015), the dismissal without prejudice was a final, appealable order under Seventh Circuit law. Id. at 9-10. He says that the doctrine of *res judicata* barred the government from re-indicting him on the 2007 offense conduct. The petitioner's final point in this argument re-asserts that Judge Stadtmueller's dismissal constituted "some other reason" under the statutory language of 18 U.S.C. §3288 that would bar indictment.

Third, the petitioner asserts that this court erred in analyzing his "broadening and amending claim." Id. at 12. Without citing authority, he expresses his disappointment that the court decided not to extend the reasoning of United States v. Ross, 77 F.3d 1525 (7th Cir. 1993) from superseding indictments to new indictments. Id. at 12-13.

Finally, the petitioner argues that this court mis-read Judge Stadtmueller's dismissal order and that "the district court's analysis and interpretation that Italiano does not apply or entitle [the petitioner] relief is factually and legally erred." Id. at 16-17.

9

The court has addressed, at length, every argument the petitioner has presented in his motion to reconsider. The court understands that the petitioner disagrees with, and is disappointed in, the court's reasoning and its rulings. That disagreement and disappointment is not sufficient to warrant reconsideration.

The petitioner asserts that he presented his *res judicata* claim in his original petition and that the court did not address it. Dkt. No. 34 at 4. The petitioner is incorrect; the court addressed the petitioner's *res judicata* arguments in its discussion of collateral estoppel. Dkt. No. 32 at 19. The court rejected the petitioner's arguments and ruled that Judge Stadtmueller's Rule 48(b) dismissal was not a final or appealable order on the issue of whether the statute of limitations would bar subsequent re-indictment. Nothing in the petitioner's motion for reconsideration supports his claim that the court misapplied, disregarded or failed to recognize controlling precedent.

The petitioner contends that the court ignored <u>Davis</u>, 766 F.3d at 734, in concluding that Judge Stadtmueller's order did not constitute a "final" and "appealable" order. The court did not ignore <u>Davis</u>; it discussed the fact that <u>Davis</u> was not decided until 2014 (and was not reversed until 2015), meaning that at the time of Judge Stadtmueller's 2012 dismissal order, <u>Davis</u> was not controlling law (because it didn't exist yet). Dkt. No. 32 at 25 ("it appears that at the time Judge Stadtmueller dismissed the petitioner's 2012 case, his order would not have been considered a final, appealable order under Seventh Circuit law. If the order dismissing the indictment without prejudice was not

10

subject to appeal, then comments the judge made in reaching that decision were not subject to appeal."). Nothing in the petitioner's motion for reconsideration convinces the court that it misapplied the controlling precedent.

The petitioner again urges the court to extend the reasoning of Ross, 77 F.3d 1525 from superseding to new indictments. He does not identify any error in the court's reasoning other than to say that out-of-circuit cases like Grady, 544 F.2d at 602, Friedman, 649 F.2d at 204, and Italiano, 894 F.2d at 1283, require the result he seeks. The court has explained that decisions from courts outside of this circuit do not bind the court. Dkt. No. 32 at 30. It is not required to follow them. The petitioner has not cited any Seventh Circuit cases showing that this court's interpretation of Ross was a manifest error of law.

The court addressed all the petitioner's claims in its dismissal order. The petitioner disagrees, as he has a right to do. That is what appeals are for, not Rule 59(e) motions.

### III. Conclusion

The court **DENIES** the petitioner's motion for reconsideration. Dkt. No. 34.

Dated in Milwaukee, Wisconsin this 1st day of November, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**